# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JULIE NORTHRUP and RICKARD SCRUGGS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BRUNSWICK, GEORGIA; CITY OF BRUNSWICK, GEORGIA, POLICE DEPARTMENT; KEVIN JONES, individually and in his official capacity as Chief of Police of the City of Brunswick Police Department; PAUL GEORGE, individually and in his official capacity as a police officer of the City of Brunswick Police Department; GLYNN COUNTY, GEORGIA; GLYNN COUNTY, GEORGIA POLICE DEPARTMENT; MATTHEW J. DOERING, individually and in his official capacity as Chief of Police of the Glynn County Police Department; CHAD LOWTHER, individually and in his official capacity as a police officer of the Glynn County Police Department; ANTHONY CLARK, individually and in his official capacity as a police officer of the Glynn County Police Department; CORY MALLARD, individually and in his official capacity as a police officer of the Glynn County Police Department; and JOHN DOE, individually and in his official capacity as a | NO: 217-CV-126 |

police officer of the Glynn
County Police Department,

Defendants.

## ORDER

This matter comes before the Court on Defendants' City of Brunswick, Georgia Police Department, and Glynn County, Georgia Police Department's Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief may be granted. Dkt. No. 7. This Motion has been fully briefed and is ripe for review.[1] For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

At this stage of the case, the allegations of the complaint are accepted as true pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 18, 2017 at approximately 2:19 P.M., Defendant George stopped a 2013 Chevrolet Avalanche which Scruggs was driving and in which Northrup was a passenger. Dkt. No. 1 ¶¶ 15, 16. Defendant George asserted that he stopped the vehicle because he had reason to believe the license plate was registered to a vehicle other than the Avalanche. Dkt. No. 1 ¶ 17. Defendant George examined Scruggs' license and the registration and insurance information on the Avalanche. Dkt. No. 1 ¶¶ 20-22. Defendant George then asked Scruggs and then

---

[1] The pending Motion to Amend Plaintiffs' Complaint, dkt. no. 14, does not affect the Court's analysis herein. Both the Complaint as it presently stands and the would-be Amended Complaint name as Defendants the Glynn County Police Department and the Brunswick Police Department.

Northrup if they would consent to him searching the Avalanche. Dkt. No. 1 ¶¶ 26-29. Neither consented. Dkt. No. 1 ¶¶ 27,29. Defendant George ordered both Plaintiffs to stand behind the vehicle. Dkt. No. 1 ¶ 30. Defendant George then requested a K-9 Unit. Dkt. No. 1 ¶ 34. Additional officers arrived on the scene at approximately 2:31 P.M. Dkt. No. 1 ¶ 45. Defendant George stated to Defendant Clark, Mallard, or Doe that he had initially stopped the Avalanche because the tag did not match, but that he must have entered the tag number incorrectly the first time because it did in fact match the second time. Dkt. No. 1 ¶ 45. Defendant George stated that he "believed that [Scruggs] was on probation, which would allow [him] to perform a Fourth Amendment search on him." Dkt. No. 1 ¶ 46. Scruggs was not on probation. Dkt. No. 1 ¶ 51. Shortly thereafter, Defendants Lowther and Clark, Mallard, or Doe arrived on the scene, with Defendant Lowther handling the K-9 police dog. Dkt. No. 1 ¶ 48. Defendant Lowther ordered the dog to sniff around the Avalanche at approximately 2:53 P.M.; the dog neither alerted to drugs or contraband on the Plaintiffs' persons nor in or around the Avalanche. Dkt. No. 1 ¶¶ 55, 58, 59, 61. Plaintiffs were released. Dkt. No. 1 ¶ 65.

Plaintiffs brought this claim against Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of their civil rights. Defendants City of Brunswick, Georgia Police Department

and Glynn County, Georgia Police Department moved for the complaint to be dismissed as to them. Dkt. No. 7.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that the plaintiffs' complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiffs' favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79.

At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

**DISCUSSION**

Defendants Brunswick Police Department and Glynn County Police Department filed a Motion to Dismiss Plaintiff's complaint for failure to state a claim. Defendants argue that the action is subject to dismissal against the "City of Brunswick, Georgia Police Department and Glynn County, Georgia Police Department," because such defendants are not legal entities capable of being sued. Dkt. No. 7 p. 3.

In order to state a claim for relief under § 1983, Plaintiffs must satisfy two requirements. First, Plaintiffs must allege that an act or omission deprived them "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, that act or omission must have been committed by "a person acting under color of state law." Id.

Here, the issue is whether the Brunswick Police Department and the Glynn County Police Departments are "persons" capable of being sued under Georgia law. The "capacity to sue or be sued

AO 72A
(Rev. 8/82)

shall be determined by the law of the state in which the district court is held . . . ." Fed. R. Civ. P. 17(b). Looking to Georgia law, the Georgia Supreme Court has explained that Georgia "recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (1988) (quotation omitted). Police departments and sheriff's departments are not one of the three legal entities subject to suit. See Lovelace v. Dekalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)) ("We have observed that '[s]heriff's departments and police departments are not usually considered legal entities subject to suit.'").

"Accordingly, Plaintiff[s] cannot state a claim against the Glynn County Police Department . . . , as the Glynn County Police Department is merely the vehicle through which the county governs and is not a proper party defendant." Clark v. Glynn Cty. Police Dep't, 2007 WL 4287717, at *2 (S.D. Ga. 2007). Nor is the Brunswick Police Department a proper Defendant. See Franklin v. Brunswick Police Dep't, 2017 WL 4448236, at *3 (S.D. Ga. 2017), report and recommendation adopted, 2017 WL 6045443 (S.D. Ga. 2017).

AO 72A
(Rev. 8/82)

## **CONCLUSION**

For these reasons, Defendant's Motion to Dismiss (Dkt. No. 20), is hereby **GRANTED**, and Plaintiff's claims against the City of Brunswick, Georgia Police Department and the Glynn County, Georgia Police Department are therefore dismissed.

**SO ORDERED**, this 5th day of February, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Dkt. No. 7), is hereby **GRANTED**, and Plaintiff's claims against the City of Brunswick, Georgia Police Department and the Glynn County, Georgia Police Department are therefore dismissed.

**SO ORDERED**, this 5th day of February, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA