IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Julie Northrup, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>Paul George, individually and in his official capacity,<br><br>   Defendant. | CIVIL ACTION NO.: 2:17-cv-126 |

### JOINT TRIAL PREPARATION REPORT [1]

**1.**   Date Trial Preparation Conference was conducted:   <span style="color:red">June 19, 2019</span>

**2.**   Please list the names of all attorneys for each party and any unrepresented parties who participated in the Trial Preparation Conference:

  <span style="color:red">E. Michael Ruberti (for Plaintiffs) and Steven G. Blackerby (for Defendant)</span>

**3.**   Identify the basis upon which this Court is believed to have jurisdiction and any questions relating to its jurisdiction:

  <u>This Court has federal subject-matter jurisdiction under 28 U.S.C. 1331. There are no questions relating to jurisdiction.</u>

**4.**   State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

---

[1] As explained in the Court's Order and Notice of Trial Preparation Requirements, in addition to this Report, the parties must complete and submit a Joint Proposed Trial Preparation Scheduling Order setting forth the parties' proposed deadlines discussed in this Report. That form Order is available on the Court's website under the "Forms" tab and can also be accessed through the following link: https://www.gasd.uscourts.gov/judge-baker-instructions-and-forms. When filing this Report, the parties should use the event in CM/ECF titled "Joint Trial Preparation Report" located under Civil Events → Other Filings → Trial Documents.

<u>The names of the parties are complete and correct. There are no questions about misjoinder or nonjoinder. However, Defendant should no longer be listed as a party in official capacity. An official-capacity claim is essentially a claim against the City itself, and Plaintiffs have dismissed all claims against the City. The parties agree that Defendant should be listed as a party in his individual capacity only.</u>

5. List any pending motions or other matters that have previously been raised with the Court which remain unresolved.

<u>Plaintiffs previously moved for disclosure of the identity of a confidential informant. The Court deferred ruling on this issue because the parties anticipated filing motions for summary judgment, and there was a possibility that rulings on the motions for summary judgment could render moot the issue concerning the informant. Now that the motions for summary judgment have been ruled on, Plaintiffs anticipate filing a renewal of the motion regarding the informant.</u>

6. *De Bene Esse* **Depositions.** Does any party anticipate that it will need to take depositions for use at trial?   <u>No</u>

   (a) If the parties have answered "Yes", please list each party that plans to take depositions for use at trial and the name of each witness the party anticipates deposing:

   <u>Not applicable.</u>

   (b) If any of the parties have answered "Yes", the Court will generally impose a deadline of twenty-one (21) days from the date the Trial Preparation Scheduling Order is entered for the completion of said depositions. If the parties believe that more or less

time is necessary for the completion of said depositions, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more than twenty-one (21) days is believed to be necessary.

<u>Not applicable.</u>

**7.   Witness List.[2]**

(a) The Court will typically impose a deadline of thirty-five (35) days from the date the Trial Preparation Scheduling Order is entered for each party to file a list of witnesses they intend to call or may call at trial. If the parties believe that more or less time is necessary for the filing of a witness list, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not anticipate the need for more time. However, in the event that the Court requires Defendant to divulge the identity of the informant, the parties would like to reserve the right to supplement their witness lists at a later date by adding the informant.</u>

**8.   Deposition Designations and Objections.[3]**

(a) The Court will typically impose a deadline of twenty-eight (28) days from the date the Trial Preparation Scheduling Order is entered for the parties to exchange all proposed deposition designations. If the parties believe that more or less time is necessary for the preparation and exchange of their deposition designations, please

---

[2] In filing a witness list, the parties should use the Witness List form and review and follow the instructions on the Court's Website which can be located at: https://www.gasd.uscourts.gov/judge-baker-instructions-and-forms.

[3] When exchanging and then filing deposition designations, the parties should use the Deposition Designations form and review and follow the instructions on the Court's Website which can be located at: https://www.gasd.uscourts.gov/judge-baker-instructions-and-forms.

state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed. In further response, neither party intends to present testimony by deposition unless a witness is, for good cause, unable to attend trial. Therefore, while the parties do not request an enlargement of this 28-day deadline, they do wish to reserve the right to designate depositions at later date in the event that a witness becomes unable to attend trial.</u>

(b) The Court will typically impose a deadline of thirty-five (35) days from the date the Trial Preparation Scheduling Order is entered for the parties to meet and confer (telephonically or in person) regarding any and all objections the parties have or may have to one another's deposition designations. At this conference, each party should seek to resolve any objections and should also seek to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the designated deposition excerpts. The parties are reminded that, as outlined in the Order and Notice of Trial Preparation Requirements, this conference is a prerequisite to the later filing of objections to any other party's deposition designations with the Court. If the parties believe that more or less time is necessary for the completion of said conference, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

(c) The Court will typically impose a deadline of fifty-one (51) days from the date the Trial Preparation Scheduling Order is entered for the parties to file deposition designations (along with full copies of the deposition transcripts containing the

designated testimony).  If the parties believe that more or less time is necessary for the filing of deposition designations, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

(d) The Court typically imposes deadlines of fourteen (14) days from the filing of deposition designations for other parties to file objections to the designations and seven (7) days for any responses to such objections.  The parties are reminded that, as outlined in the Order and Notice of Trial Preparation Requirements, the Court will not entertain a party's objections to deposition designations unless that party certifies that the conference referenced in subsection (b) was conducted (or that the party made a good faith attempt to conduct the conference).  If the parties believe that more or less time is necessary for the preparation and filing of objections and responses, please state how much time the parties believe is necessary and, in the event more time is requested, please explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

9. **Exhibit Designations and Objections.**[4]

(a) The Court will typically impose a deadline of twenty-eight (28) days from the date the Trial Preparation Scheduling Order is entered for the parties to exchange their exhibit designations (along with electronic copies of all of the designated documents and physical evidence).  If the parties believe that more or less time is necessary for the preparation and exchange of their exhibit designations and copies, please state

---

[4] When exchanging and then filing exhibit designations, the parties should use the Exhibit List form which is available on the Court's Website and can be located at: https://www.gasd.uscourts.gov/judge-baker-instructions-and-forms.


how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

(b) The Court will typically impose a deadline of thirty-five (35) days from the date the Trial Preparation Scheduling Order is entered for the parties to meet and confer (telephonically or in person) regarding any and all objections the parties have to one another's exhibit designations. At this conference, the parties should seek to resolve any objections and they should also seek to consolidate as many exhibits as possible into a joint exhibit list, as duplication of exhibits on separate lists should be avoided to the extent practicable. The parties are reminded that, as outlined in the Order and Notice of Trial Preparation Requirements, this conference is a prerequisite to the later filing of objections to any other party's exhibit designations with the Court. If the parties believe that more or less time is necessary for the completion of said conference, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

(c) The Court will typically impose a deadline of fifty-one (51) days from the date the Trial Preparation Scheduling Order is entered for the parties to file joint and/or separate exhibit designations. If the parties believe that more or less time is necessary for the filing of exhibit designations, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

(d) The Court typically imposes deadlines of fourteen (14) days from the filing of exhibit designations for other parties to file objections to the designations and seven (7) days for any responses to such objections. The parties are reminded that, as outlined in the Order and Notice of Trial Preparation Requirements, the Court will not entertain a party's objections to exhibit designations unless that party certifies that the conference referenced in subsection (b) was conducted (or that the party made a good faith attempt to conduct the conference). If the parties believe that more or less time is necessary for the preparation and filing of objections and responses, please state how much time the parties believe is necessary and, in the event more time is requested, please explain why more time is believed to be necessary.

<u>The parties do not believe that more time is needed.</u>

Any document or other physical evidence listed by any party that is not objected to will be admitted when tendered at trial. Additionally, any document or other physical evidence listed by any party that is not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party in the event the listing party does not actually offer it into evidence.

10. **Motions in Limine.**

The parties are reminded that, as outlined in the Order and Notice of Trial Preparation Requirements, the Court will not entertain a motion in limine unless the filing party certifies that, prior to filing the motion in limine, the filing party consulted with each opposing party regarding any and all requests in the motion in limine that relate to that opposing party, and whether the opposing party (or parties) indicated an objection or consent (in whole or in part) to the filing party's request(s).

(a) Does any party anticipate that motions in limine will be necessary?

<u>Yes</u>

(b) If any of the parties have answered "Yes", the Court will generally impose a deadline of fifty-one (51) days from the date the Trial Preparation Scheduling Order is entered for the filing of motions in limine. If the parties believe that more or less time is necessary for the preparation and filing of motions in limine, please state how much time the parties believe is necessary and, in the event more time is requested, explain why more time is believed to be necessary.

<u>The parties generally do not believe that more time will be necessary. However, as noted above, Plaintiffs plan to renew their motion concerning the confidential informant. Depending on how the Court rules on that issue, either or both parties may wish to file motions in limine related to the informant. Therefore, the parties request additional time for motions in limine concerning the informant. Specifically, the parties request 30 days following the Court's ruling on whether the informant must be disclosed.</u>

(c) The Court typically imposes deadlines of fourteen (14) days for responses to any motions in limine and seven (7) days for replies to any response. If the parties believe that more or less time is necessary for the preparation and filing of responses and/or replies, please state how much time the parties believe is necessary and, in the event more time is requested, please explain why more time is believed to be necessary.

<u>The parties do no not believe that more time will be needed.</u>

11. **Proposed Pretrial Order.**

The Court will generally impose a deadline of one hundred and ten (110) days from the date the Trial Preparation Scheduling Order is entered for the parties to file a consolidated proposed pretrial order. If the parties believe that a longer or shorter deadline is necessary, please state how much time the parties believe is necessary and, in the event a <u>longer</u> time period is requested, briefly explain why such is believed to be necessary. Counsel should consult Judge Baker's form pretrial order available on the Court's website when gauging the amount of time necessary to prepare the proposed pretrial order.

<u>The parties do not believe that more time will be needed.</u>

12. **Proposed *Voir Dire* Questions and Jury Charges.**

The Court typically requires the parties' proposed *voir dire* questions and jury charges to be submitted on the same date that the consolidated proposed pretrial order is due, and typically imposes a deadline of seven (7) days for objections to any other party's proposed *voir dire* questions and proposed jury charges.[5] The parties are reminded that, as outlined in the Order and Notice of Trial Preparation Requirements, the Court will not consider objections to proposed *voir dire* questions or proposed jury charges unless the objecting party certifies that, prior to filing the objections, the objecting party conferred with (or made a good faith effort to confer with) the party that filed the at-issue *voir dire* questions or jury charges.

---

[5] Replies to objections to proposed *voir dire* questions and proposed jury charges are generally not permitted.

**13.   Days for Trial.**

At this time, plaintiff(s)' counsel estimates <u>1 day</u> (days) (hours) to present plaintiff(s)' case; defendant(s)' counsel estimates <u>1 day</u> (days) (hours) to present the defense.

**14.   Trial Date and Pretrial Conference.**

During the Trial Preparation Scheduling Conference, the Court will set a pretrial conference date and a trial date for this case. The Court will typically schedule the trial of the case to begin approximately one hundred and thirty (130) days from the date the Trial Preparation Scheduling Order is entered and will set the pretrial conference 10 days before the beginning of trial. If a different timeframe for the pretrial conference and trial date is desired, please briefly explain why and provide a proposed alternative timeframe.

<u>The parties do not request an alternative timeframe.</u>

**15.   Settlement.**

Plaintiff(s) <u>has</u> offered to settle.

Defendant(s) <u>has not</u> offered to settle.

It appears at this time that there is:

<u>Some possibility of settlement</u>

**16.   Additional Matters.**

State any other matters the parties believe the Court should include in the Trial Preparation Scheduling Order:

<u>None.</u>

Signed[6] and Dated: **June 28, 2019**

_____          _____
Pro Se Party (if applicable)             Pro Se Party (if applicable)

/s/  E. Michael Ruberti                  /s/  Click here to enter text.
Counsel for Plaintiff(s)                 Counsel for Plaintiff(s)

/s/  Click here to enter text.           /s/  Click here to enter text.
Counsel for Plaintiff(s)                 Counsel for Plaintiff(s)

/s/  Steven G. Blackerby                 /s/  Click here to enter text.
Counsel for Defendant(s)                 Counsel for Defendant(s)

/s/  Click here to enter text.           /s/  Click here to enter text.
Counsel for Defendant(s)                 Counsel for Defendant(s)

---

[6] The Joint Trial Preparation Report shall be signed by counsel for each party and any unrepresented parties.  Counsel should sign the Report electronically and file it in accordance with the Court's Administrative Procedures for Filings, Signing, and Verifying Pleadings and Papers by Electronic Means available at the following link:
www.gasd.uscourts.gov/sites/gasd/files/RevisedAdminProceduresECF-Dec2-2016.pdf.