IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JULIE NORTHRUP, *et al.*,          *
                                   *
     Plaintiffs          *
                                   *
     v.                  *          Case Number: 2:17-cv-126
                                   *
PAUL GEORGE,                       *
                                   *
     Defendant            *

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

COME NOW Julie Northrup and Rickard Scruggs, the plaintiffs in the above-referenced case, and hereby request that this Court give in its charge to the jury the attached instructions.

This the 12th day of December, 2019.

E. MICHAEL RUBERTI, ESQ., LLC

/s/ E. Michael Ruberti
E. Michael Ruberti
Georgia Bar No. 618343
Counsel for Plaintiffs

P.O. Box 20649
St. Simons Island, Georgia 31522

## REQUEST TO CHARGE NUMBER 1

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 3.1 Introduction (2013).

## REQUEST TO CHARGE NUMBER 2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 3.2 The Duty to Follow Instructions – No Corporate Party Involved (2013).

## REQUEST TO CHARGE NUMBER 3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

*Eleventh Circuit Pattern Jury Instructions (Civil Cases),* 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court (2013).

## REQUEST TO CHARGE NUMBER 4

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 3.4 Credibility of Witnesses (2013).

## REQUEST TO CHARGE NUMBER 5

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction (2013).

## REQUEST TO CHARGE NUMBER 6

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendant.

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence (2013).

## REQUEST TO CHARGE NUMBER 7

In this case, Plaintiffs Julie Northrup and Rickard Scruggs claim that Defendant Paul George, while acting under color of law intentionally committed acts that violated Plaintiffs' constitutional right not to be subjected to an unreasonable investigatory stop.

Under the Fourth Amendment to the Constitution of the United States, every person has the right not to be subjected to an unreasonable investigatory stop.

To succeed on this claim, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:     That officer George intentionally committed acts that violated Plaintiffs' constitutional right not to be subjected to an unreasonable investigatory stop;

Second:  That officer George's conduct caused Plaintiffs' injuries; and

Third:    That officer George acted under color of law. The parties have agreed that officer George acted under color of law, so you should accept that as a proven fact.

For the first element, Plaintiffs claim that they were subjected to an unreasonable investigatory stop. Plaintiffs may succeed in showing that the investigatory stop was unreasonable if they prove either that officer George did not have reasonable suspicion that Plaintiffs were involved in, or were about to be involved in, criminal activity; *or* that the stop was not reasonable in scope.

8

A reasonable suspicion is a particularized and objective basis for suspecting an individual of criminal activity. To determine whether the scope of the stop is reasonable, you should consider the law enforcement purposes served by the stop, the diligence with which the officer pursued the investigation, the intrusiveness of the stop, and the length of the stop. In making these determinations, you should consider the totality of the circumstances and focus on all information available to officer George at the time when he executed the stop.

For the second element, officer George's conduct caused Plaintiffs' injuries if Plaintiffs would not have been injured without officer George's conduct, and the injuries were a reasonably foreseeable consequence of officer George's conduct.

If you find that Plaintiffs have proven each fact that they must prove, you must decide the issue of their damages. If you find that Plaintiffs have not proved each of these facts, then you must find for Defendant.

Portion of *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 5.3 (2013).

## REQUEST TO CHARGE NUMBER 8

In considering whether officer George was permitted to make the traffic stop, I charge you that the initiation of the traffic stop was lawful so long as it was based on a reasonable suspicion. This is true even if that suspicion turned out to be incorrect. What is generally demanded of the many factual determinations that police officers must regularly make is not that those determinations always be correct, but that they merely be reasonable.

Additionally, even if a police officer initiates a traffic stop based on a mistake of fact, there may still be a reasonable suspicion so long as the officer's mistake was a reasonable mistake.

Here, officer George has testified that his decision to initiate the traffic stop was based on a mistake about the license plate for the vehicle being driven by the Plaintiffs. It is for you to decide whether that mistake was reasonable under the circumstances.

*United States v. Gonzalez*, 969 F.2d 999, 1004 (11th Cir. 1992); *United States v. Webster*, 314 F. App'x 226, 229 (11th Cir. 2008).

## REQUEST TO CHARGE NUMBER 9

I also charge you that when a traffic stop has been lawfully initiated by a police officer, the officer is lawfully permitted to make certain ordinary inquiries, such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. The officer may also make other unrelated inquiries so long as those inquiries do not measurably extend the duration of the stop.

*Rodriguez v. U.S.*, 135 S.Ct. 1609, 1615 (2015).

## REQUEST TO CHARGE NUMBER 10

In considering the length of the traffic stop, you should also bear in mind that the purpose or objective of a traffic stop may sometimes change as an officer learns new information during the stop. For example, while investigating the original reason for the traffic stop, an officer may develop a reasonable suspicion of other possible illegal activity.

*United States v. Mackey*, 149 F. App'x 874, 880 (11th Cir. 2005**).**

## REQUEST TO CHARGE NUMBER 11

Again, if you find that Plaintiffs have proven all elements that they must prove, then you must decide the issue of their damages.

Compensatory Damages. You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiffs' damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize officer George. And you must not base these compensatory damages on speculation or guesswork. You must determine what amount will fairly compensate them for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiffs have proved them by a preponderance of the evidence, and no others: Plaintiffs' mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Plaintiffs are reasonably certain to experience in the future.

Nominal Damages. You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Plaintiffs have submitted no credible evidence of injury; or (b) Plaintiffs' injuries have no monetary value or are not quantifiable with any reasonable certainty.

Punitive Damages. If you find for Plaintiffs and find that Officer George acted

with malice or reckless indifference to Plaintiffs' federally protected rights, the law allows you, in your discretion, to award Plaintiffs punitive damages as a punishment for Officer George and as a deterrent to others.

Plaintiffs must prove by a preponderance of the evidence that they are entitled to punitive damages.

Officer George acts with malice if his conduct is motivated by evil intent or motive. Officer George acts with reckless indifference to the protected federal rights of Plaintiffs when he engages in conduct with a callous disregard for whether the conduct violates Plaintiffs protected federal rights.

Adapted from portion of *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 5.13 (2013).

14

## REQUEST TO CHARGE NUMBER 12

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages (2013).