IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JULIE NORTHRUP, et al., | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case Number: 2:17-cv-126 |
| | * | |
| PAUL GEORGE, | * | |
| | * | |
| Defendant | * | |

**Defendant's Objection to Plaintiffs' Requested Jury Instruction Number 11**

As discussed in numerous previous filings, this 42 U.S.C. § 1983 suit concerns a traffic stop initiated by Brunswick police officer Paul George. In total, the stop lasted slightly longer than 30 minutes. Notably, neither Plaintiff was harmed nor even physically touched during the stop. Further, neither was arrested, and both were free to leave after the brief stop. Nonetheless, the Plaintiffs contend that the stop violated the Fourth Amendment. In support of that claim, they argue that officer George lacked a reasonable suspicion to initiate the stop and that he also unnecessarily prolonged the stop.

In their "Request to Charge Number 11," the Plaintiffs ask this Court to instruct the jury that it may award punitive damages if it finds "that Officer George acted with malice or reckless indifference to Plaintiffs' federally protected rights." Officer George does not dispute that this requested charge accurately states the legal standard for awarding punitive damages. Indeed, as the Eleventh Circuit has held, "Punitive

damages are appropriate where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1089 (11th Cir. 1986). However, officer George disputes that this is an appropriate case to allow punitive damages, and he objects to the jury being instructed regarding such damages.[1] Plainly stated, there is no evidence of either an intent to violate or a reckless disregard of any of Plaintiffs' rights. Even if a jury were to find that there was an insufficient basis to initiate the stop, Officer George fully anticipates that the evidence will show that his decision to initiate it was, at worst, based on a reasonable and innocent mistake. Likewise, even if a jury were to find that the stop lasted some few seconds or minutes longer than necessary, the evidence will demonstrate that any such delay was the result of, at most, negligence or oversight rather than a conscious disregard of the Fourth Amendment.

In sum, officer George contends that Plaintiffs do not have sufficient evidence to warrant a jury instruction regarding punitive damages.

---

[1] Officer George also objects to any proposed verdict form that includes a line item or section for such damages.

This 18th day of December, 2019.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar Number: 687830
/s/ Steven G. Blackerby
Steven G. Blackerby
Georgia Bar No. 141250
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544

CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

This 18th day of December, 2019.

/s/ Steven G. Blackerby
Steven G. Blackerby
Georgia Bar No. 141250
sblackerby@brbcsw.com
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX